ORIGINAL



**-RLV**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 7 2009

JAMES N. HATTEN, Clerk
By: ~Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RONEN YECHIEL YELINEK,       )
                                       )
              Plaintiff,      )
                                         )
v.                                    )
                                         )
UNITED STATES OF AMERICA,    )
DAVID NAHMIAS, in his official    )
capacity, STEPHANIE GABAY-      )
SMITH, in her official capacity,      )
JENNY R. TURNER, in her official    )
capacity, and OTHER UNKNOWN    )
OFFICIALS OF THE UNITED         )
STATES DEPARTMENT OF           )
JUSTICE, in their official            )
capacities,                           )
                                         )
            Defendants.    )

CIVIAL ACTION NO.

## 1 09-CV-0542

## **ORIGINAL COMPLAINT**

### I. *Jurisdiction*

1.     This is a suit for declaratory, equitable, and injunctive relief that arises under, is authorized by, and instituted pursuant to the Fifth Amendment of the United States Constitution.

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346, 1361, 1651, and 2201, and 5 U.S.C. § 702.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b) because one or more defendants reside in this district, all defendants reside in the state of Georgia, and the events or omissions giving rise to the claims at issue occurred in this district.

## II. *THE PARTIES*

4.     Plaintiff RONEN YECHIEL YELINEK is a citizen and resident of Israel.

5.     Defendant UNITED STATES OF AMERICA has waived its sovereign immunity pursuant to 5 U.S.C. § 702 and 18 U.S.C. § 1346(a)(2).

6.     At all relevant times, defendant DAVID NAHMIAS has been the United States Attorney for the Northern District of Georgia, is named only in his official capacity, and is a person subject to suit under the Constitution of the United States for violations of the Fifth Amendment of the United States Constitution.

7.     At all relevant times, defendant STEPHANIE GABAY-SMITH has been an Assistant United States Attorney for the Northern District of Georgia, is named only in her official capacity, and is a person subject to suit under the Constitution of the United States for violations of the Fifth Amendment of the United States Constitution.

8.     At all relevant times, defendant JENNY R. TURNER has been an Assistant United States Attorney for the Northern District of Georgia, is named in her official capacity, and is a person subject to suit under the Constitution of the United States for violations of the Fifth Amendment of the United States Constitution.

9.     At all relevant times, OTHER UNKNOWN OFFICIALS OF THE UNITED STATES DEPARTMENT OF JUSTICE are named as defendants only in their official capacities, and are persons subject to suit under the Constitution of the United States for violations of the Fifth Amendment of the United States Constitution.

### III. *FACTUAL ALLEGATIONS*

10.     At all relevant times, plaintiff RONEN YECHIEL YELINEK has been the owner of Account No. xxxx1044 at ARZI Bank AG in Zurich, Switzerland (the "Bank Account").

11.     On or about April 2005, defendants UNITED STATES OF AMERICA, DAVID NAHAMIAS, in his official capacity, STEPHANIE GABAY-SMITH, in her official capacity, JENNY R. TURNER, in her official capacity, and OTHER UNKNOWN OFFICIALS OF THE UNITED STATES DEPARTMENT OF JUSTICE, acting in their official capacities, (all

collectively, the "Defendants") caused the Swiss authorities to freeze plaintiff RONEN YECHIEL YELINEK's Bank Account.

12.    In the time since causing the Swiss authorities to freeze the Bank Account, the Defendants have not seized or obtained forfeiture of the Bank Account or any part of its contents since on or about April 2005.

13.    Furthermore, the Defendants at no time have caused the Swiss authorities to lift the freeze on the Bank Account.

14.    At all relevant times from on or about April 2005 to the date of the filing of this action, plaintiff RONEN YECHIEL YELINEK has been denied access to and control over his Bank Account and the moneys in his Bank Account, as well as all other rights incident to ownership of the Bank Account, as a direct and proximate result of (a) the Defendants' action in causing the Swiss authorities to freeze the Bank Account, and (b) the Defendants' action in not causing the Swiss authorities to lift the freeze on the Bank Account.

15.    At or about the time the Bank Account was frozen, the Bank Account had a balance of more than at least approximately $550,000.  The balance in the Bank Account has since accrued interest of more than at least approximately $25,000.

- 4 -

16.    As a direct and proximate result of the Defendants' continued actions, including intentional inactions and omissions, interfering with and burdening plaintiff's property rights in the Bank Account, the Defendants have (a) affected an unconstitutional taking of the Bank Account without just compensation, and (b) unconstitutionally deprived plaintiff of the Bank Account without due process, all in violation of the Fifth Amendment of the United States Constitution.

## *CLAIMS AGAINST THE DEFENDANTS*

### COUNT I

### *Fifth Amendment - Unconstitutional Taking*

17.    Plaintiff re-alleges and incorporates by reference paragraphs 1-16 with the same force and effect as if fully set out in specific detail below.

18.    Defendant UNITED STATES and defendants DAVID NAHMIAS, in his official capacity, STEPHANIE GABAY-SMITH, in her official capacity, JENNIFER R. TURNER, in her official capacity, and UNKNOWN OFFICIALS OF THE UNITED STATES DEPARTMENT OF JUSTICE, in their official capacities, have caused and continue to cause an unconstitutional taking of plaintiff RONEN YECHIEL YELINEK's Bank Account and plaintiff RONEN YECHIEL YELINEK's property rights in the

Bank Account in violation of his rights secured and protected by the Fifth

Amendment of the United States Constitution.

19. As a direct and proximate result of the Defendant's

unconstitutional actions, plaintiff RONEN YECHIEL YELINEK is

continuing to suffer irreparable injury including, but not limited to, denial of

access to the Bank Account and the right to the full and unburdened exercise

his property rights in the Bank Account.

20. Plaintiff RONEN YECHIEL YELINEK seeks to redress the

wrongs alleged herein, and this action for declaratory, equitable, and

injunctive relief is the plaintiff's only means of securing adequate relief.

**COUNT II**

***Fifth Amendment – Unconstitutional***
***Deprivation of Property without Due Process***

21. Plaintiff re-alleges and incorporates by reference paragraphs 1-20

with the same force and effect as if fully set out in specific detail below.

22. Defendant UNITED STATES and defendants DAVID NAHMIAS,

in his official capacity, STEPHANIE GABAY-SMITH, in her official capacity,

JENNIFER R. TURNER, in her official capacity, and UNKNOWN

OFFICIALS OF THE UNITED STATES DEPARTMENT OF JUSTICE, in

their official capacities, have caused and continue to cause an

unconstitutional deprivation of plaintiff RONEN YECHIEL YELINEK's

Bank Account and plaintiff RONEN YECHIEL YELINEK's property rights in

the Bank Account without due process in violation of his rights secured and

protected by the Fifth Amendment of the United States Constitution.

23.     As a direct and proximate result of the Defendant's

unconstitutional actions, plaintiff RONEN YECHIEL YELINEK is

continuing to suffer irreparable injury including, but not limited to, denial of

access to the Bank Account and the right to the full and unburdened exercise

his property rights in the Bank Account.

24.     Plaintiff RONEN YECHIEL YELINEK seeks to redress the

wrongs alleged herein, and this action for declaratory, equitable, and

injunctive relief is the plaintiff's only means of securing adequate relief.

## COUNT III

### *Attorney's Fees, Costs, and Expenses*

25.     Plaintiff re-alleges and incorporates by reference paragraphs 1-24

with the same force and effect as if fully set out in specific detail below.

26.     Plaintiff RONEN YECHIEL YELINEK seeks payment of his

attorney's fees, costs, and expenses, and all other authorized amounts, from

the Defendants pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2812.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment holding that the actions of the Defendants violated, and continue to violate, the rights of the plaintiff as guaranteed by the Fifth Amendment of the United States Constitution.

2.    Grant the plaintiff a permanent injunction restraining the Defendants, their agents, servants, employees, attorneys, and successors, and those in active concert or participation with the Defendants, from engaging in any further acts or omissions against the plaintiff in violation of Fifth Amendment.

3.    Enter an order requiring the Defendants, their agents, servants, employees, attorneys, and successors, and those in active concert or participation with the Defendants, to cause the Swiss authorities to lift the freeze on the plaintiff's Bank Account

4.    Enter an order requiring the Defendants to pay the plaintiff's costs, attorney's fees, and expenses in filing and prosecuting this lawsuit.

Plaintiff prays for such other and further relief and benefits as the cause of justice may require.

Dated:  February 27, 2009.

MARC N. GARBER
Georgia Bar No. 283847
ALAN H. GARBER
Georgia Bar No. 283840
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd., Ste. 14
Marietta, GA 30068-5648
(678) 560-5066 (telephone)
(678) 560-5067 (facsimile)
mngarber@garberlaw.net
ahgarber@garberlaw.net

**COUNSEL FOR PLAINTIFF
RONEN YECHIEL YELINEK**